JUSTICE NELSON
responds to the concurring and dissenting opinions, joined by JUSTICE LEAPHART.
¶68 Implicit in the concurring and dissenting opinions[2] are two notions: first, that the majority opinion has broken new ground or in some measure strayed from the principles set forth in Illinois v. Gates and subsequent Montana decisions; and, second that, in doing so, the majority has imposed an additional burden on law enforcement by creating yet another technical “hoop” for police officers to jump through in their efforts to ferret out crime and apprehend the guilty through the use of informants. Both conclusions are incorrect.
¶69 Nevertheless, given the hostile knee-jerk reaction that typically attends the issuance of court opinions that are perceived — whether wrongly or rightly — as either making life more difficult for the police *430 or enforcing (much less enlarging) the constitutional rights of persons accused of crimes, a response to the concurring opinion is necessary.
¶70 Although agreeing with the majority opinion that the search warrant application in this instance was insufficient, the concurring opinion suggests that the corroboration of information supplied by an unreliable source may be accomplished by means other than further police investigation. No authority is cited for this novel proposition. This, of course, begs the question, “What other means are envisioned?” The concurrence never says.
¶71 As indicated in the majority opinion, further police investigation of an otherwise -unreliable source of information is the heart and soul of the U.S. Supreme Court’s decision in Illinois v. Gates, which this Court has followed since 1984. The U.S. Supreme Court stated that “[o]ur decisions applying the totality of the circumstances analysis outlined above have consistently recognized the value of corroboration of details of an informant’s tip by independent police work” Gates, 462 U.S. at 241, 103 S.Ct. at 2334 (emphasis added). The Court then discussed the “classic case on the value of corroborative efforts of police officials.” Gates, 462 U.S. at 242-43, 103 S.Ct. at 2334 (discussing Draper v. United States (1959), 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327) (emphasis added). The Court also provided a detailed summary of detective Mader’s corroborating efforts after receiving the anonymous letter that sparked the investigation of the Gates’ drug selling operation: he sought driver’s license information, he confirmed the Gates’ address, he conferred with another police officer and confirmed airline flight information, and he contacted Drug Enforcement Administration agents and arranged for a surveillance operation that gathered further corroborating information.
¶72 It was the recognition of these independent sources of information uncovered by further police efforts that led to the Court’s reversal of the Illinois Supreme Court’s decision, which had determined that Mader’s search warrant application was defective due to the lack of reliability of the original informant’s anonymous letter. Thus, an informant’s letter that the Court recognized “standing alone... would not provide the basis for a magistrate’s determination that there was probable cause to believe contraband would be found in the Gates’ car and home” had been “corroborated in major part by Mader’s efforts.” Gates, 462 U.S. at 227, 243, 103 S.Ct. at 2326, 2335. The Court further provided:
*431 The Supreme Court of Illinois reasoned that Draper involved an informant who had given reliable information on previous occasions, while the honesty and reliability of the anonymous informant in this case were unknown to the Bloomingdale police. While this distinction might be an apt one at the time the police department received the anonymous letter, it became far less significant after Mader’s independent investigative work occurred.
Gates, 462 U.S. at 243-44, 103 S.Ct. at 2335 (emphasis added).
¶73 Thus, under Gates, once officers receive information of illegal activities from sources that do not establish probable cause “standing alone,” such information may nevertheless serve as a basis for establishing probable cause if the officers subsequently corroborate the information through independent investigation. As made plain in the majority opinion, there is no prescribed limit as to what independent resources — including the use of other informants — an officer might use for this corroboration. See majority opinion, at ¶ 45.
¶74 Rather, the majority opinion carefully maps Montana case law, dividing information supplied by informants into two distinct categories: that which may stand alone for a probable cause determination, and that which requires further police investigation. In this instance, the information supplied by both the confidential informant and the anonymous citizen, standing alone, clearly falls into the latter category, and therefore each required further “corroboration through other sources of information.” Gates, 462 U.S. at 244, 103 S.Ct. at 2335 (emphasis added). Further, it is patently unclear from the warrant application at issue whether the information supplied by the “anonymous citizen” was, in fact, gathered for the purpose of corroborating the confidential informant’s information. Thus, this tip may have in fact been received prior to the confidential informant’s November 1995 meeting with Detective Hanson, which, if true, emphasizes the lack of further investigation by officers in this case.
¶75 It is unclear, therefore, why the concurrence chooses to belabor under what circumstances the information supplied by one unreliable source could, conceivably, corroborate another unreliable source without “further police investigation,” and yet still establish probable cause.
¶76 The underlying fallibility of the concurrence’s reasoning on this point is revealed by the lengths to which it would be necessary for Detective Hanson to cure the defects of the “anonymous citizen,” as a corroborating source of information. According to the concurring *432 opinion, it is conceivable that had Detective Hanson provided some of the underlying circumstances surrounding the anonymous citizen’s report, “there may have been a substantial basis for the judge reviewing the application to conclude that there was a fair probability that contraband or evidence of a crime would be found in the trailer home.” According to the concurrence, Detective Hanson should have (1) described the circumstances surrounding how he received the report from the anonymous citizen, (2) how he knew the anonymous citizen, (3) why he believed the anonymous citizen was credible, and (4) how the anonymous citizen acquired his or her knowledge. See concurring opinion, at ¶ 66. Consequently, the inclusion of this information could have corroborated the information supplied by the confidential informant, and led to a proper probable cause determination — again, without further investigation by officers.
¶77 Accordingly, Detective Hanson could have attested in the warrant application (1) that he received a crime-stopper tip by phone; (2) that the person chose to identify him or herself, and that, in turn, he knew the person; (3) that the person had provided reliable and accurate information in the past; and (4) that the person had personally observed the grow operation during the course of the past year. The concurrence finds this process — which does not appear to involve “further investigation" — satisfactory to corroborate the confidential informant’s information. And there is a good reason why. This is precisely the process outlined in the majority opinion.
¶78 First, the person is not anonymous. Second, the source personally observed the illegal activity. And third, the informant has provided reliable and accurate information in the past. If this had been the factual circumstances, as the concurring opinion suggests, the issue of “independent investigation” would be irrelevant, because none would be required. Alternatively, at the risk of rehashing that which has already been made clear, under Montana case law if the person remained anonymous, further corroboration would have been required; if the source had not personally observed the illegal activity, further corroboration would have been required; and finally if the informant had not provided reliable and accurate information in the past, or was not a “concerned citizen,” further corroboration would have been required.
¶79 Thus, it remains unclear how the information provided by either the confidential informant or the anonymous citizen in this instance could have been cured for the purpose of establishing probable *433 cause by anything short of further police investigation, using other sources of information.
JUSTICE LEAPHART joins in the' foregoing response to the concurring and dissenting opinions.

. For purposes of this separate opinion I will treat the dissenting opinion as being included within the concurring opinion as the former sets out no rationale independent of the latter.